IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| | * | |
| | * | Criminal No. JFM-~~13-3647~~ 07-0261 |
| v. | * | Civil No. – JFM-13-3647 Mem |
| | * | JFM 13-3571 Lead |
| KEVIN HICKMAN | * | |

******

## MEMORANDUM

Kevin Hickman has filed a motion under 28 U.S.C. §2255. The motion has been fully briefed. For the following reasons it will be denied.

Hickman was convicted, after a three-day trial, of conspiracy to distribute and possess and intent to distribute one kilogram or more of heroin and possession with the intent to distribute heroin. On appeal, the Fourth Circuit held that there was insufficient evidence to support the jury's finding that Hickman was a knowing member of a heroin distribution conspiracy involving one kilogram or more of heroin. The Fourth Circuit vacated that conviction and remanded the case to the district judge to impose judgment on the other counts. In all other respects the Fourth Circuit affirmed Hickman's conviction. A re-sentencing hearing was held on February 29, 2012, and the district court (Judge William Quarles) sentenced Hickman to imprisonment for 360 months as to Count One and a concurrent sentence of 360 months as to Count Six.

In this motion Hickman raises the following claims that can be summarily answered.

1. Hickman alleges that there was insufficient evidence as a matter of law to establish conspiracy between him and his co-defendants. The Fourth Circuit ruled to the contrary on direct appeal.



2. Hickman claims that the district court should not have used his 2006 state conviction for distribution to enhance his sentence. This too was ruled upon by the Fourth Circuit on Hickman's appeal.

3. Hickman claims that the district court erred in not objecting to the district court's ruling on his claim of dissatisfaction with counsel. The law is well established that "the right to counsel of choice is not extended to defendants who require counsel to be appointed for them." *United States v. Gonzalez-Lopez*, 548 U.S. 140, 151 (2006). For the same reason Hickman claimed that he was denied the right to a fair trial when he was forced to use counsel not of his choosing.

4. Hickman's right to a speedy trial was not violated. The court held a scheduling conference on October 24, 2007, and set a trial date and a motions date. This ruling was made within the time allowed by the Speedy Trial Act for the latest co-defendant. *See generally Henderson v. United States*, 476 U.S. 231, 223 n.2 (1986).

5. Hickman claims that the district court erred in not providing a lesser included offense instruction. This claim is mooted by the Fourth Circuit's ruling that Hickman could be convicted only of a lesser-included defense.

6. Hickman claims that his trial counsel and appellate counsel failed to conduct a reasonable investigation. There is nothing in the record to support these claims.

7. The district court's supplemental jury instruction concerning how the drug amount was to be calculated was correct as a matter of law, and counsel was not ineffective in not objecting to it.

8. Hickman claims that the government permitted false testimony at trial and failed to disclose impeachable evidence. Again, nothing in the record supports these claims.

A separate order denying Hickman's motion is being entered herewith.

Date: 2/23/16

J. Frederick Motz
United States District Judge

BY _____ DEPUTY
CLERK'S OFFICE
AT BALTIMORE
2016 FEB 23 AM 11:28
DISTRICT OF MARYLAND
U.S. DISTRICT COURT
FILED

3