**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

UNITED STATES OF AMERICA              *

v.                                    *          Crim. No. CCB-07-261

KEVIN ANTHONY HICKMAN                 *

                             *******

## MEMORANDUM

Kevin Anthony Hickman is a 60-year-old federal prisoner who is serving a 360-month sentence for drug trafficking. Hickman has served 158 months, over 40 percent of his sentence. Now pending is Hickman's motion for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) (the "compassionate release" statute), based on underlying health conditions that make him particularly susceptible to serious illness related to COVID-19. (ECF 355).[1] The government opposes the motion, (ECF 364), and Hickman has replied (ECF 365). For the reasons explained below, the motion will be granted and Hickman's sentence will be reduced to time served, followed by a ten-year term of supervised release.

## BACKGROUND

Following a jury trial, Hickman was convicted of one count of conspiracy to distribute and possess with intent to distribute one kilogram or more of heroin, in violation of 21 U.S.C. § 846, and one count of possession with intent to distribute heroin in violation of 21 U.S.C. § 841(a). In 2008, Hickman was sentenced to life imprisonment, based on the quantity of drugs involved in the drug conspiracy and a determination that Hickman's 1996 federal conviction for distribution of

---

[1] Through counsel, Hickman supplemented his motion with additional argument and caselaw; updates on conditions at FCI Edgefield, where Hickman is currently incarcerated; and letters from family and friends in support of his release. (ECFs 362, 363, and 366.) The court considers those supplements.

heroin and 2006 conviction in Maryland for attempted manufacture/distribution of a controlled substance were predicate offenses for a sentencing enhancement under 21 U.S.C. § 851 (ECF 194). Hickman appealed to the Fourth Circuit. The Fourth Circuit vacated the conspiracy count, holding that the government had presented insufficient evidence at trial to find Hickman guilty of a conspiracy involving one kilogram or more of heroin. *United States v. Hickman*, 626 F.3d 756, 770 (4th Cir. 2010). The court directed entry of judgment on the lesser included offense of conspiracy to distribute in the amount of 100 grams or more, and remanded the case for resentencing. *Id.* at 762. On remand, the district court resentenced Hickman to 360 months imprisonment. (ECF 245).

In December 2018, Congress enacted the First Step Act. *See* Pub. L. No. 115-391, 132 Stat. 5194. As part of the Act, Congress amended 18 U.S.C. § 3582(c), which empowers courts to reduce a term of imprisonment if "extraordinary and compelling reasons warrant such a reduction." *See* 18 U.S.C. § 3582(c)(1)(A)(i); Pub. L. 115-391, Title VI, § 603(b), Dec. 21, 2018, 132 Stat. 5239. Before the First Step Act was enacted, a court could review a prisoner's sentence pursuant to § 3582(c)(1)(A) only "upon motion of the Director of the Bureau of Prisons" ("BOP"). *Id.* But under the amended statute, a court may conduct such a review also "upon motion of the defendant," if the defendant has exhausted all administrative remedies to appeal the BOP's failure to bring a motion, or if thirty days have lapsed "from the receipt of such a request by the warden of the defendant's facility, whichever is earlier[.]" *Id.* The court may authorize compassionate release if, after considering the factors set forth in 18 U.S.C. § 3553(a), the court finds that "extraordinary and compelling reasons" warrant it. *See* 18 U.S.C. § 3582(c)(1)(A)(i).

On April 15, 2020, Hickman filed an administrative request for compassionate release to the warden of FCI Edgefield, where he is currently incarcerated. (*See* ECF 362-2). The request was denied. (*Id.*). The government does not contest that Hickman's motion is properly before the court,

(*see* ECF 364 at 9), nor does the government contest that extraordinary and compelling reasons make Hickman eligible for a sentence reduction. (*Id.* at 10).

Hickman suffers from a litany of health conditions, including type II diabetes, moderate-to-severe asthma, hypertension, and chronic renal insufficiency (i.e. chronic kidney disease). (ECF 362 at 5–9; ECF 362-4). The CDC has warned that individuals with type II diabetes and chronic kidney disease "are at increased risk of severe illness" from COVID-19, that individuals with moderate-to-severe asthma and hypertension "might be at an increased risk for severe illness" from COVID-19, and that "[t]he more underlying medical conditions someone has, the greater their risk is for severe illness from COVID-19." *Coronavirus Disease 2019 (COVID-19): People with Certain Medical Conditions*, CDC, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (updated Oct. 16, 2020). Compounding the risk to Hickman is his age, *see Coronavirus Disease 2019 (COVID-19): Older Adults*, CDC, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/older-adults.html (updated Sept. 11, 2020) ("As you get older, your risk for severe illness from COVID-19 increases. For example, people in their 50s are at higher risk for severe illness than people in their 40s. Similarly, people in their 60s and 70s are, in general, at higher risk for severe illness than people in their 50s."), and the mere fact of his incarceration, *see, e.g.*, *Coreas v. Bounds*, 451 F. Supp. 3d 407, 413 (D. Md. 2020) ("Prisons, jails, and detention centers are especially vulnerable to outbreaks of COVID-19."). While the BOP's efforts at containing the spread of COVID-19 are commendable, they by no means eliminate the risks to prisoners like Hickman. The BOP reports that at least one inmate and at least sixteen staff members at FCI Edgefield have active COVID-19 infections, *see COVID-19 Coronavirus*, BOP, https://www.bop.gov/coronavirus/ (last accessed Oct. 28, 2020), and last month, a 48-year old individual incarcerated at FCI Edgefield died from complications due to COVID-19, (ECF 363-1 at 1). The court thus agrees with the parties that Hickman's risk of severe

illness from COVID-19 is an "extraordinary and compelling reason" to consider him for a reduction in sentence. *See, e.g.*, *United States v. White*, Crim. No. CCB-09-369, 2020 WL 3960830, *4 (D. Md. Jul. 10, 2020).[2]  The only issue is whether the § 3553(a) factors weigh in favor of such a reduction.

## DISCUSSION

Hickman's eligibility for compassionate release does not guarantee relief. The court also must consider the factors set forth in 18 U.S.C. § 3553(a) "to the extent that they are applicable[.]" *See* 18 U.S.C. § 3582(c)(1)(A).

The government opposes Hickman's release largely on the basis of his post-sentencing conduct. The government argues that Hickman's disciplinary infractions early in his incarceration demonstrate that continued incarceration is necessary to protect the public from further crimes, and particularly from violence.[3] *See* 18 U.S.C. § 3553(a)(2)(C). Hickman did have a poor disciplinary

---

[2] Under 28 U.S.C. § 994(t), the United States Sentencing Commission is responsible for defining "what should be considered extraordinary and compelling reasons for sentence reduction" under § 3582(c)(1)(A). According to the Commission's Policy Statement, "extraordinary and compelling reasons" exist where (A) the defendant is suffering from a terminal or serious medical condition; (B) the defendant is over sixty-five years old, has failing health, and has served at least ten years or seventy-five percent of his sentence, whichever is less; (C) the caregiver of the defendant's minor child dies or becomes incapacitated, or the defendant's spouse or partner becomes incapacitated and the defendant is the only available caregiver; or (D) "other reasons" as determined by the BOP. *See* U.S.S.G. § 1B1.13 cmt. n.1(A)–(D). The BOP criteria for "other reasons" justifying a sentence reduction are set forth in Program Statement 5050.50 ("Compassionate Release/Reduction in Sentence: Procedures for Implementation of 18 U.S.C. §§ 3582 and 4205(g)"). According to the government, current Department of Justice policy interprets U.S.S.G. § 1B1.13 cmt. n.1(A) as providing that an incarcerated individual presents an "extraordinary and compelling reason" for a sentence reduction if they present one of the conditions identified by the CDC as one that increases the individual's risk of severe illness from COVID-19. (*See* ECF 364 at 10). As this court and others have held, however, the court possesses independent discretion—guided, but not bound by, Sentencing Commission and BOP criteria—to determine whether there are "extraordinary and compelling reasons" to reduce a sentence. See *United States v. Decator*, 452 F. Supp. 3d 320, 323–324 (D. Md. 2020) (citing cases).

[3] The government also contends the court must address Hickman's dangerousness to the community using the factors in 18 U.S.C § 3142(g). For this asserted requirement, the government cites U.S.S.G § 1B1.13, which advises that in order to reduce a defendant's sentence under 18 U.S.C.

record for the first three years of his sentence. His BOP record includes administrative findings for

fighting in 2009 and 2010, possession of a dangerous weapon and assault with serious injury in

2010, and encouraging others to riot in 2010. He was not charged or convicted of any crime as a

result of these incidents. Since that time, administrative findings include no incidents of violence.

(ECF 364-1). Hickman was adjudged to have refused a work assignment and to have refused to

obey an order in 2012, and to have engaged in disruptive conduct in August of this year. (*Id.*)

Hickman has appealed this most recent disciplinary determination, which he represents is related to

a cellphone found at FCI Edgefield. Hickman denies any knowledge or use of the cell phone. (ECF

365 at 4–5).

     After reviewing this history, the court is persuaded that further incarceration is not necessary

to protect the public. Hickman's initial problems at the BOP are troubling, but at this point,

Hickman has demonstrated ten years of non-violence and his current security level is "low." (ECF

362-1 at 10). His most recent disciplinary incident does not reveal him as likely to reoffend and

does not clearly present an inability on his part to comply with supervision.

     With respect to the nature and circumstances of the offense and Hickman's personal history

and characteristics, *see* 18 U.S.C. § 3553(a)(1), the court recognizes that Hickman's drug trafficking

---

§ 3582(c)(1)(A), the court must determine (1) extraordinary and compelling reasons warrant the
reduction, (2) the defendant is not a danger to the safety of any other person or to the community as
provided in 18 U.S.C § 3142(g), and (3) the reduction is consistent with the U.S.S.C's policy
statements. This requirement in the Sentencing Guidelines contradicts the text of § 3582(c)(1)(A),
which states that the court may grant compassionate release, "after considering the factors set forth
in section 3553(a) . . . if it finds that (i) extraordinary and compelling reasons warrant such a
reduction; *or* (ii) the defendant is at least 70 years of age, has served at least 30 years in prison . . .
and a determination has been made by the Director of the Bureau of Prisons that the defendant is
not a danger to the safety of the community, as provided in section 3142(g)." (Emphasis added.).
This is another area where the Sentencing Guidelines are inconsistent with the First Step Act and
will only be considered as "helpful guidance." *Decator*, 452 F. Supp. 3d at 324. At any rate, in
addressing the § 3553(a) factors, the court considers the need for the sentence to "protect the public
from further crimes of the defendant," an inquiry which implicitly requires the court to assess
Hickman's danger to the community.

offenses were certainly serious and were not his first criminal activities, but also acknowledges that none of his past criminal activity involved weapons or allegations of violence. Without minimizing Hickman's prior criminal conduct, the court considers it alongside Hickman's post-sentencing conduct, which "provides the most up-to-date-picture of [his] 'history and characteristics.'" *See Pepper v. United States*, 562 U.S. 476, 492 (2001) (citing 18 U.S.C. § 3553(a)(1)).

Hickman entered the BOP's custody with a serious opioid use disorder, an illness he acknowledges contributed to his criminal activities. (*See* ECF 362 at 12). Hickman has not used opioids since 2007, and in 2015 the BOP determined that his opioid use disorder was in remission. (*See* ECF 362-4 at 23, 179). Hickman has completed thirteen courses while incarcerated and his record demonstrates good work performance for the period of time he was assigned a work detail at the BOP. (*See* ECF 362-1 at 10). He appears to have maintained the support of family and friends during his incarceration. His son, the mother of his son's child, and two friends have written in support of his release. (*See* ECF 366, ECF 365-1). Hickman has a GED and has plans to find work as a telemarketer so that he can work from home and prevent illness during the pandemic. (*See* ECF 362 at 19–20). The full picture of Hickman's time in BOP custody shows that he has made significant improvements and efforts toward rehabilitation. Hickman's proposed plan to live upon his release with a cousin in South Carolina, (*see id.*), far from any prior criminal or drug contacts, is wise and is an additional reason to conclude that Hickman is not a danger if released.[4]

The court also considers the "need for the sentence imposed . . . to reflect the seriousness of the offense, to promote respect for the law, . . . to provide just punishment for the offense . . . [and] to afford adequate deterrence to criminal conduct," *see* 18 U.S.C. § 3553(a)(2)(A)–(B); the applicable guideline sentence, *see id.* § 3553(a)(4); and the "need to avoid unwarranted sentence

---

[4] The court notes that Hickman's proposal has yet to be approved by U.S. Probation, and would require such approval. (*See* ECF 362-1 at 12).

6

disparities among defendants with similar records who have been found guilty of similar conduct," *see id.* § 3553(a)(6). Hickman argues, and the government does not dispute, that a sentence of time served is consistent with what his guideline sentence would likely be if he were sentenced for the same conduct and with the same criminal history today. (ECF 362 at 13–17; ECF 364 at 11). The length of Hickman's sentence was driven primarily by a finding that he was a career offender. Hickman asserts that designation would not apply to him today, because his conspiracy conviction under § 846 no longer qualifies as a "controlled substance offense" that may serve as a predicate to determining a defendant to be a career offender, *see United States v. Norman*, 935 F.3d 232 (4th Cir. 2019), and because one of his prior convictions, the Maryland conviction for attempted distribution of a controlled substance, should not qualify as a controlled substance offense under the plain text of U.S.S.G. §4B1.2, s*ee e.g.*, *United States v. Winstead*, 890 F.3d 1082, 1087–89 (D.C. Cir. 2018); *United States v. Havis*, 927 F.3d 382, 386 (6th Cir. 2019); *cf. United States v. Lisbon*, 276 F. Supp. 3d 456, 458–59 (D. Md. 2017). The court finds, for the reasons articulated above, that a reduction in sentence is warranted even if the career offender status applied to Hickman today, but it also considers this "changed landscape when considering the goals of sentencing." *United States v. Lee*, No. DKC 12-0493, 2020 WL 4053352, *4 (D. Md. Jul. 20, 2020); *see also United States v. Kess*, No. ELH-14-480, 2020 WL 3268093, *8 (D. Md. Jun. 17, 2020). If Hickman were sentenced today not as a career offender, his guideline range would be 110–137 months—his 158 months in prison well exceed that range and are sufficient to provide just punishment, promote respect for the law, reflect the seriousness of the offense, and deter crime. The court also notes that Hickman was indicted along with seven co-defendants in the instant case, two of whom pled guilty and received much shorter sentences, 70 and 97 months, for very similar conduct. (ECFs 129, 178).

Based on the above considerations, and in light of the principle that a sentence should be "sufficient, but not greater than necessary," *see* 18 U.S.C. § 3553(a), the court finds that the

§ 3553(a) factors weigh in favor of reducing Hickman's sentence pursuant to 18 U.S.C.

§ 3582(c)(1)(A)(i). This, combined with the "extraordinary and compelling" risk to Hickman of

severe illness from COVID-19 should he remain in prison, leads the court to conclude that Hickman

is entitled to compassionate release.

## CONCLUSION

For the foregoing reasons, Hickman's motion for compassionate release will be granted and

his sentence will be reduced to time served. The terms and conditions of supervised release to which

Hickman was re-sentenced will remain in place, with the additional condition that Hickman will

spend the first six months of supervised release on home confinement, to be monitored by U.S.

Probation, using location monitoring technology at the discretion of the Probation Officer. For the

six-month home confinement period, Hickman shall not leave the address approved by U.S.

Probation except for activities approved in advance by U.S. Probation. In addition, he will be

required to comply with all directives of federal, state, and local governments related to public

health issues, including COVID-19. A separate order follows, which will be stayed for up to

fourteen days, for the verification of Hickman's residence and/or establishment of a release plan, to

make appropriate travel arrangements, and to ensure Hickman's safe release, including by placing

Hickman in quarantine for a period of fourteen days and to evaluate him for the purposes of

receiving a medical clearance.


____11/2/2020_____                                    _____/S/_____
Date                                                                    Catherine C. Blake
                                                                        United States District Judge